IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) | |
| Plaintiff, | ) ) | No. 1:26-cv-375 |
| v. | ) ) | |
| ALEX GIOVANI RAMIREZ MOSCOSO, | ) ) | |
| Defendant. | ) ) ) | |

## UNITED STATES' COMPLAINT

1.      This is a civil action brought by the United States of America ("United States")

against Alex Giovani Ramirez Moscoso ("Ramirez Moscoso" or the "Defendant") to collect a

civil penalty for Defendant's willful failure to depart from the United States in lieu of removal

pursuant to 8 U.S.C. § 1229c and its implementing regulations.

### PARTIES

2.      Plaintiff is the United States of America, and it brings this action on behalf of

United States Immigration & Customs Enforcement (ICE) and the Department of Homeland

Security (DHS).

3.      Defendant Ramirez Moscoso is an individual and noncitizen who resides in

Annandale, Virginia.

### JURISDICTION AND VENUE

4.      This Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1345, and

1355.

1

5.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1), (b)(2) and 1395(a) because the Defendant resides or is found in this District and the penalty accrued in this District or the events or omissions giving rise to the claim occurred in this District.

FACTS

6.     Defendant is indebted to the United States for a civil penalty assessed for his willful failure to timely depart the United States pursuant to a Voluntary Departure ("VD") Order.

7.     The total amount, plus interest, of the civil penalty due to the United States is $3,025.48 as of January 22, 2026.

8.     Defendant owes this civil penalty pursuant to section 240B(d) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229c(d). That section authorizes the issuance of civil fines to aliens for their failure to voluntarily depart during the period specified for voluntary departure. The statute provides that the civil penalty shall be "not less than $1,000 and not more than $5,000."

9.     On December 6, 2024, an immigration judge entered an Order granting Defendant pre-conclusion voluntary departure under INA § 240B(a), in lieu of removal, without expense to the Government, on or before April 7, 2025. **Exhibit A**.

10.     On April 12, 2025, the United States mailed a Notice of Intention to Fine to Defendant's last known address in Annandale, Virginia. This Notice included information on Defendant's right to contest the civil monetary penalty by, within 30 days from service, submitting a written defense setting forth the reasons why the penalty should not be imposed.

2

11.    Defendant did not submit any written defense or other appeal in response to the Notice of Intention to Fine, and a final order imposing a penalty of $3,000.00 was entered and then mailed to Defendant on May 27, 2025 at his Annandale, Virginia address.

12.    On June 21, 2025, ICE mailed an invoice demanding payment to a Springfield, Virginia address associated with Defendant.

13.    On June 23, 2025, ICE personally served the demand for payment on an individual identified as Alex Giovani Ramirez Moscoso at Defendant's Annandale, Virginia address.

14.    Upon information and belief, Defendant continues to reside in the United States.

15.    Upon information and belief, Defendant has not paid any of the civil penalty and remains liable to the United States for the full penalty amount plus interest.

## COUNT I
Civil Penalty
(Civil Penalty for Failure to Depart – 8 U.S.C. § 1229c(d))

16.    The United States incorporates Paragraphs 1 through 15 above as set forth fully herein.

17.    Section 1229c(d)(1)(A) states that "if an alien is permitted to depart voluntarily under this section and voluntarily fails to depart the United Stats within the time period specified, the alien shall be subject to a civil penalty of not less than $1,000 and not more than $5,000 [.]" 8 U.S.C. § 1229c(d)(1)(A).

18.    Defendant is subject to a civil penalty under 8 U.S.C. § 1229c for his failure to voluntarily depart the United States on or before April 7, 2025 as required by the VD Order.

19.    Title 8, United States Code, Section 1330(b)(2)(B) authorizes the United States to recover civil penalties imposed under Section 1229c.

3

20.    For the foregoing reasons, the United States is entitled to recover $3,000 in

penalties under 8 U.S.C. § 1229c, and accrued interest under 31 U.S.C. § 3717; 31 C.F.R. §

901.9.

WHEREFORE, Plaintiff, the United States, requests that judgment be entered in its favor

and against Defendant Ramirez Moscoso in the principal total amount of $3,000, plus interest of

$25.48. The United States further requests, pursuant to 28 U.S.C. § 1961, interest on the

judgment be at the legal rate until paid in full.

Respectfully submitted,

Dated: February 6, 2026

TODD W. BLANCHE
DEPUTY ATTORNEY GENERAL

By: */s/ David Tannenbaum*
    DAVID TANNENBAUM
    Assistant United States Attorney
    *Counsel for the United States*
    2100 Jamieson Avenue
    Alexandria, VA 22314
    Tel:    (703) 838-2627
    Fax:    (703) 299-3898
    E-mail: david.tannenbaum2@usdoj.gov